Filed 3/27/15  P. v. Morris CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>BRANDY MORRIS,<br><br>　　　　Defendant and Appellant. | C076243<br><br>(Super. Ct. No. 13F01692 ) |

A jury found defendant Brandy Morris guilty of receiving a stolen vehicle (Pen. Code, § 496d, subd. (a)),[1] receiving stolen property (§ 496, subd. (a)), and possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)).  The trial court found true allegations that defendant had a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served three prior prison terms (§ 667.5, subd. (b)).  The trial court sentenced defendant to an aggregate term of 11 years 8 months in prison.

---

[1]  Undesignated statutory references are to the Penal Code.

1

On appeal, defendant contends the trial court erred in imposing a one-year four-month consecutive term for receiving stolen property. She claims section 654 bars such a sentence because she received the stolen property (a car owner's manual & vehicle registration) at the same time as she received the stolen vehicle (a sport utility vehicle (SUV)), as part of a single criminal act with a single purpose.

We conclude that the trial court erred, but for different reasons. Because the contemporaneous receipt of two or more items of stolen property can only support a single conviction (*People v. Lyons* (1958) 50 Cal.2d 245, 275 (*Lyons*), overruled on other grounds in *People v. Green* (1980) 27 Cal.3d 1; *People v. Smith* (1945) 26 Cal.2d 854, 859 (*Smith*)), and because defendant received the owner's manual and registration at the same time as she received the SUV, we will reverse defendant's conviction and sentence for receiving the stolen owner's manual and registration. We affirm the judgment in all other respects.

## BACKGROUND

Sarrah Ambriz's silver SUV was stolen from the parking lot of her Roseville apartment complex in November 2012. Her husband's car keys were also missing.

Folsom Police Officer Christopher Hill saw a silver SUV back out of the driveway of 9380 Ottoman Way in the early morning hours of November 26, 2012. Officer Hill could not see the driver, but broadcast a description of the SUV over the police radio.

Folsom Police Sergeant John Lewis heard the broadcast and spotted the SUV moments later. Sergeant Lewis followed the SUV to the driveway of a nearby house. Sergeant Lewis looked in the SUV, but did not see anyone. He heard someone jumping over a fence behind the house, and found a sweatshirt and a pair of slippers on the ground nearby. Sergeant Lewis did not see the driver.

The SUV was unlocked and the keys were in the ignition. The SUV's rear license plate had been covered over with paper-covered dealer plates.

Sergeant Lewis called dispatch and learned the SUV had been stolen. He searched the interior of the SUV and found a wallet containing defendant's California identification card. The address on the identification card was 9380 Ottoman Way, the same address where Officer Hill had seen the SUV earlier.

Sergeant Lewis went to 9380 Ottoman Way. Defendant was not home, but her mother or stepmother opened the door. Sergeant Lewis searched defendant's bedroom and found the owner's manual and vehicle registration for the SUV on defendant's bed.

Approximately four months later, on April 1, 2013, Citrus Heights Police Officer David Moranz stopped defendant for driving a car with no license plates and a large crack on the front windshield. Officer Moranz ran defendant's name through dispatch and learned that she had a warrant out for her arrest.

Officer Moranz turned defendant over to Citrus Heights Police Officer Nathan Ferguson for booking. Officer Ferguson asked defendant whether she had any contraband on her, and defendant admitted that she had methamphetamine in her bra.

On May 29, 2013, defendant was charged by amended complaint (later deemed an information) with four counts as follows: (1) unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a); count one); (2) receiving a stolen vehicle (§ 496d, subd. (a); count two); (3) receiving stolen property (§ 496, subd. (a); count three), and (4) possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a); count four). With respect to counts one and two, the prosecution alleged that defendant had suffered three prior convictions for unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)) and one prior conviction for receiving a stolen vehicle (§§ 496d, subd. (a), 666.5, subd. (a).) The prosecution further alleged that defendant had suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served three prior prison terms (§ 667.5, subd. (b)). Defendant pleaded not guilty to the charges and denied the truth of the prior conviction allegations.

3

On February 24, 2014, the jury found defendant guilty on counts two, three, and four, and not guilty on count one. On March 28, 2014, the trial court found the prior conviction allegations true. The trial court then sentenced defendant to eleven years eight months in state prison, as follows: three years, the midterm, on count two (doubled to six years for the strike prior); a consecutive eight months, one-third the midterm, on count three (doubled to one year four months for the strike prior); a consecutive eight months, one-third the midterm, on count four (doubled to one year four months for the strike prior); and one year for each of the three prison priors. During sentencing, the trial court explained that the sentence on count three would be consecutive to the sentence on count two "pursuant to [California Rules of Court,] rule 4.425 sub (a) sub (3) in that the crime in Count 3 was committed at a different time and a separate place rather than being committed so close in time and place as to indicate a single period of aberrant behavior."

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant contends that section 654 bars multiple punishment for counts 2 and 3 because she received the stolen property (the owner's manual & vehicle registration) at the same time as she received the stolen SUV, as part of a single criminal act with a single purpose. We agree that the trial court erred in imposing a term of imprisonment for count three; however, we reach our conclusion by means of a different analytical route.

California courts have long held that the receipt, on a single occasion, of two or more stolen goods constitutes a single offense of receiving stolen property. (*Lyons, supra,* 50 Cal.2d at p. 275 [receipt of stolen watch and fur coat on a single occasion is one offense even if received from different sources]; see also *Smith, supra,* 26 Cal.2d at p. 859.) Thus, two or more stolen items received in the same transaction do not constitute separate offenses and cannot be charged separately. (*Lyons, supra,* 50 Cal.2d at p. 275; *Smith, supra,* 26 Cal.2d at pp. 858-859.)

4

In this case, the information charges defendant with one count of receiving a stolen vehicle (§ 496d, subd. (a)) and one count of receiving an "owner's manual and registration card taken from within a stolen vehicle" (§ 496, subd. (a)). Both offenses are alleged to have taken place "[o]n or about November 26, 2012."

No evidence was presented as to when defendant actually received the stolen SUV and owner's manual and registration. However, defendant claims without citation to the record that "both the registration and vehicle owner's manual were left inside the car at the time of the theft." The People also claim--also without proper citation to the record-- that "the owner's manual and registration . . . were in the car when it was stolen . . . ."[2] Although we generally disregard unsupported assertions (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856), where the parties agree, we accept their agreed facts as mutual concessions. (*Meddock v. County of Yolo* (2013) 220 Cal.App.4th 170, 175, fn. 3.) Accordingly, we accept the parties' assertions that the owner's manual and registration were in the SUV at the time it was stolen. That being the case, it follows that defendant received the owner's manual and registration at the same time as she received the SUV, as part of a single transaction. We have reviewed the entire record and find nothing to suggest that defendant received the owner's manual and registration on any other occasion, despite the trial court's statement "that the crime in Count 3 was committed at a different time and a separate place rather than being committed so close in time and place as to indicate a single period of aberrant behavior."

---

[2] The People purport to find support for their assertion in Ambriz's trial testimony. However, Ambriz merely testified that she recognized the owner's manual. She did not testify that she kept the owner's manual and registration in the SUV or that they were in the SUV at the time it was stolen.

The People also refer to Sergeant Lewis's testimony. Sergeant Lewis testified that he did not know when the owner's manual was removed from the SUV. He did not testify that the owner's manual and registration were in the SUV at the time it was stolen.

Because defendant received the stolen owner's manual and registration at the same time as the stolen SUV, she could only be subjected to one conviction for receiving stolen property, not two. (*Lyons, supra,* 50 Cal.2d at p. 275; *Smith, supra,* 26 Cal.2d at pp. 858-859.) Accordingly, we conclude that the trial court erred in imposing a term of imprisonment on each conviction for counts two and three. This constitutes an unauthorized sentence, as the receipt of the stolen SUV in count two and the owner's manual and registration in count three constituted a single criminal transaction. (*Lyons, supra,* 50 Cal.2d at p. 275.) Under these circumstances, the appropriate course is to affirm the conviction as to one count and reverse as to the other. (*Id.* at pp. 275-276; *People v. Bowie* (1977) 72 Cal.App.3d 143, 157.) Therefore, we will reverse as to count three and affirm as to count two.

## DISPOSITION

Defendant's conviction in count three for receiving the stolen owner's manual and registration is reversed and her sentence on count three is stricken. The judgment is affirmed in all other respects. The trial court shall prepare an amended abstract of judgment that deletes the sentence on count three (and the corresponding 16-month term), recalculates the aggregate term, and forward a certified copy to the Department of Corrections and Rehabilitation.

                                       BLEASE              , Acting P. J.

We concur:

     NICHOLSON       , J.

     BUTZ             , J.

6